```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                               :
RHAWN JOSEPH,                                                  :
                                                               :
                        Plaintiff,                             :    ORDER
                                                               :
                -against-                                      :
                                                               :    20 Civ. 4672 (JPC) (GWG)
SPRINGER NATURE, et al.,                                       :
                                                               :
                        Defendants.                            :
---------------------------------------------------------------x
```

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

      Plaintiff Rhawn Joseph requests that the Court authorize service on defendants Jeremy Mould and Elias Brinks in Australia and the United Kingdom by means of registered mail and email pursuant to Federal Rule of Civil Procedure 4(f)(3).  See Docket # 49, at 2 (filed October 26, 2020).  "The decision of whether to order service of process under Rule 4(f)(3) is 'committed to the sound discretion of the district court.'"  United States v. Lebanese Canadian Bank SAL, 285 F.R.D. 262, 266 (S.D.N.Y. 2012) (quoting Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria, 265 F.R.D. 106, 115 (S.D.N.Y. 2010)).  In exercising this discretion, courts have required parties seeking alternative service to show "(1) . . . that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) . . . that the circumstances are such that the court's intervention is necessary."  Devi v. Rajapaska, 2012 WL 309605, at *1 (S.D.N.Y. Jan. 31, 2012) (citations omitted); accord Convergen Energy LLC v. Brooks, 2020 WL 4038353, at *4 (S.D.N.Y. July 17, 2020); Sulzer Mixpac AG v. Medenstar Indus. Co., 312 F.R.D. 329, 331 (S.D.N.Y. 2015); In re GLG Life Tech Corp. Sec. Litig., 287 F.R.D. 262, 265-66 (S.D.N.Y. 2012).  Imposing these judicially created requirements "has been viewed as necessary in order to prevent parties from whimsically seeking alternate means of service and thereby increasing the workload of the courts."  In re GLG Life Tech Corp. Sec. Litig., 287 F.R.D. at 266 (internal quotation marks and citation omitted).

      We cannot find that the first prong of the two-part test described above has been met.  "[I]n cases involving service on a person residing in a country that is a signatory to the Hague Convention, courts have often imposed a requirement that litigants first attempt service by means of the Hague Convention before seeking court-ordered alternative service under section 4(f)(3)."  Id. (citing Devi, 2012 WL 309605, at *2).  Here, both Australia and the United Kingdom are signatories to the Hague Convention.  See Status Table, Hague Conf. on Priv. Int'l L., https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last updated June 27, 2020).  But plaintiff has not attempted to effectuate service on the defendants through the very international agreement that is designed to effectuate service in Australia and the United Kingdom.

The Court believes that the requirement imposed by other courts in this district — that litigants "first attempt service by means of the Hague Convention" — should be imposed here. In re GLG Life Tech Corp. Sec. Litig., 287 F.R.D. at 266. Joseph references the case of Williams v. Advertising Sex LLC., 231 F.R.D. 483, 486 (N.D.W. Va. 2005) as allowing this Court to order alternative service on an Australian defendant without ascertaining plaintiff's attempts to comply with the Convention. See Docket # 49 at 3. However, that case was decided before Australia signed the Convention in 2010, and thus it can no longer be said that "the United States and Australia have no international agreement governing service of process." Williams, 231 F.R.D. at 486. Because Joseph has not complied or attempted to comply with the Hague Convention, his request that the Court authorize alternative service is denied. Devi, 2012 WL 309605, at *2 (denying alternative service because plaintiff "has not attempted to serve defendant through the Hague Convention, the traditional mechanism for service abroad"); accord Nurlybaev v. ZTO Express (Cayman) Inc., 2018 WL 11222556, at *2 (S.D.N.Y. Apr. 6, 2018) (denying alternative service and requiring "a more diligent effort" to serve defendants under the Hague Convention); Sec. & Exch. Comm'n v. Cluff, 2018 WL 896027, at *4 (S.D.N.Y. Jan. 10, 2018) (denying alternative service where plaintiff had "failed to act diligently when it did not attempt to use the Hague Convention").

In light of this conclusion, it is not necessary to reach the question of whether the proposed method of alternative service satisfies the requirements of due process.

SO ORDERED

Dated: New York, New York
October 29, 2020

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge